HAGEL, Senior Judge,
with whom GREENBERG, Judge, joins, dissenting:
I disagree with the majority’s view that the Board did not err when it considered the ameliorative effects of Mr. McCarroll’s medication by reading 38 C.F.R. § 4.104, Diagnostic Code 7101, as a whole, to determine that the diagnostic code contemplates the ameliorative effects of medication. The majority does not explain how it arrives at the conclusion that, because one part of the rating criteria under Diagnostic Code 7101 contemplates the ameliorative effects of medication, it necessarily follows that the entire diagnostic code contemplates the ameliorative effects of medication. Ante at 272-73.
The majority cites Jones v. Shinseki, 26 Vet.App. 56, 60 (2012), in which the Court held that the Board erred when it considered the effects of medication that were not adequately contemplated by the rating criteria for irritable bowel syndrome. The Court in Jones cited the language of the rating criterion for a 10% disability rating under § 4.71a, Diagnostic Code 5025 (fi-bromyalgia), as an example of how the Secretary considers the ameliorative effects of medication. Id. at 63. The entirety of that rating criterion, which remains unchanged since Jones, for a 10% disability rating for fibromyalgia is for symptoms “[t]hat require medication for control.” 38 C.F.R. § 4.71a, Diagnostic Code 5025 (2016). In this case, the plain language of Diagnostic Code 7101 demonstrates that the Secretary included three alternatives to obtain a 10% disability rating, and only one contemplates the ameliorative effects of medication. 38 C.F.R. § 4.104, Diagnostic Code 7101 (2016) (10% disability rating requires “Diastolic pressure predominantly 100 or more, or; systolic pressure predominantly 160 or more, or; minimum evaluation for an individual with a history of *280 diastolic pressure predominantly 100 or more who requires continuous medication for control.”') (emphasis added); see Tropf v. Nicholson, 20 Vet.App. 317, 322 n.1 (2006) ( “[A] functioning system of laws must give primacy to the plain language of authorities.”). Therefore, it is unclear how the majority can arrive at the conclusion that, given the plain language of Diagnostic Code 7101, the ameliorative effects of medication can be considered for all three alternatives to obtain a 10% disability rating. Accordingly, I believe that Jones applies to this case, and the Board erred when it considered the ameliorative effects of Mr. McCarroll’s medication under the first two alternatives of the rating criteria for a 10% disability rating under Diagnostic Code 7101.
The majority also cites to the Federal Register where the Secretary amended Diagnostic Code 7101. Ante at 272-73. The majority quoted the Secretary where he moved the rating criteria, “a history of diastolic pressure predominantly 100 or more and continuous medication is required,” from a separate note in Diagnostic Code 7101 to the rating criteria for a 10% disability rating. Id. citing 62 Fed. Reg. 65, 207, 65, 215 (Dec. 11, 1997). The majority concludes that the Secretary’s explanation “makes clear that the use of medication is directly addressed and contemplated by the evaluation criteria under DC 7101.” Ante at 273. However, the Secretary’s final rule only discusses the third alternative for a 10% disability rating under Diagnostic Code 7101 and does not discuss the other two alternatives, which do not consider the ameliorative effects of medication. See 62 Fed. Reg. at 65,215. Therefore, I believe that the ameliorative effects of medication should only be considered under the third alternative under Diagnostic Code 7101, that is, whether a veteran has a history of diastolic pressure predominantly 100 or more, who requires continuous medication for control.
The majority also rejects Mr. McCar-roll’s contention, without any explanation, that a medical opinion was required to discount the ameliorative effects of medication and the Board violated Colvin v. Derwinski, 1 Vet.App. 171, 172 (1991) (holding that the Board “must consider only independent medical evidence to support [its] findings rather than provide [its] own medical judgment in the guise of a Board opinion”). Ante at 273-74. Here, the Board found that Mr. McCarroll’s “hypertension has not manifested with diastolic pressure predominantly 100 or more, with or without medication; or systolic pressure predominantly 160 or more throughout the initial rating period.” R. at 4 (emphasis added). The Board made its own medical finding by considering the ameliorative effect of medication on Mr. McCarrolls’s current diastolic and systolic pressure or, in other words, the first two alternatives of Diagnostic Code 7101. See Jones, 26 Vet.App. at 63; Colvin, 1 Vet.App. at 172. Mr. McCarroll was prescribed medication for his hypertension while in service, R. at 757 (April 2009 prescription), he filed his claim for benefits for hypertension while in service, and a VA regional office granted his claim and assigned a noncompensable rating on September 1, 2009, the date after his separation from service, R. at 683-84 (October 2009 rating decision). Further, at the November 2010 VA medical examination in which the examiner took Mr. McCarroll’s blood pressure readings, the examiner noted that Mr. McCarroll’s medication dosage had been increased from his last prescription. R. at 585. Clearly, the Board should have considered that medication was at least a factor affecting Mr. McCar-roll’s blood pressure readings.
The Board, however, considered Mr. McCarroll’s blood pressure readings from *281 the November 2010 VA medical examination while he was on medication when it denied a compensable disability rating. R. at 8. In doing so, I believe the Board improperly considered the ameliorative effects of medication when evaluating Mr. McCarroll’s hypertension under the first two alternatives of the rating criteria for a 10% disability rating. Because Mr. McCar-roll was under medication at the time of the examination, I also believe that the Board should have discussed whether a medical opinion is required to address the question of what Mr. McCarroll’s diastolic and systolic pressure would be, but for the use of medication. In my judgment, a medical examiner would be in the best position to review Mr. McCarroll’s medical record to make some determination as to his diastolic and systolic blood pressure without medication.
This case presented the issue where a veteran is prescribed medication for a disability and the diagnostic code for that disability requires specifically measured medical readings to determine compensa-bility. In this case, the Board found McCarroll’s disability noncompensable and clearly did not consider that he was on medication since service when it used his blood pressure readings to support its finding. Therefore, for the reasons stated above, I would vacate the June 4, 2014, Board decision and remand the matter for the Board to provide adequate reasons or bases for its decision, which would limit its consideration of the ameliorative effects of Mr. McCarroll’s medication only to the third alternative for a 10% disability rating under Diagnostic Code 7101 and, at the very least, to discuss whether a medical opinion is required to determine Mr. MeCarroll’s diastolic and systolic pressure absent his use of medication.